UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

Case Number:  14-14698-LMI

IRIS MILAGROS ORTIS
JOSE RUBEN ORTIS
    Debtor
_____/

OBJECTION TO MOTION TO ALLOW LATE CLAIM

    Nancy K Neidich, Standing Chapter 13 Trustee ("Trustee") files this Objection to the Motion to Allow Late Proof of Claim filed by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc, Mortgage Asset Backed Pass-through Certificates Series 2006-QS8 ("Creditor")  and states as follows:

    1)  The motion to value collateral (ECF #107), served on the Creditor as required by FRBP 7004,  has in bold letters the following notice:   "**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**"

    2)  The proof of claim filed by the creditor seeks an unsecured claim.

    3)  This objection is limited to any  unsecured portion of the claim, even if the claim has not yet been determined to be partial unsecured.  In addition, if the claim is not paid in the plan, the Trustee request that any order granting the motion to allow claim specify that stay relief was granted in the confirmation order and that the creditor will not seek a distribution from the Chapter 13 Estate.

**Laches as there was no intent to hold the estate liable for an unsecured claim**

The motion for relief from stay was based on the fact that the debtors did not provide for payments in the plan. The claimant did not amend its claim prior to the bar date. Thus the claimant did not evidence an intent to hold the estate liable but to seek payments directly.

The Creditor claims that the unsecured claim arose as the result of the recovery and disposal of the collateral. The original proof of claim did not reflect that there was an unsecured claim but stated that the full amount of the claim was secured. The Trustee has not received evidence that the collateral was sold at the best price available

**Late filed proof of claim**

The filing of a proof of claim in Chapter 13 is governed by Federal Rules of Bankruptcy Procedure (Rule) 3002. An unsecured creditor must file a timely proof of claim to hold an allowed unsecured claim pursuant to Rule 3002(a). In addition, Rule 3002(c) requires that proof of claim must be filed not later than 90 days after the first date set for the meeting of creditors. These Rules do provide for five (5) specific exceptions, none of which apply in this case. Rule 9006(b)(3) specifically limits the conditions under which the courts may enlarge the time for filing a proof of claim to those five specific exceptions listed in Rules 3002(c). Accordingly, the Court is unable to extend the bar date pursuant to the Rules.

In fact, when the Supreme Court found excusable neglect for the late filing of a proof of claim in a Chapter 11, it excluded Chapter 13 and Chapter 7 from its findings. <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123 L.Ed.2d 74, (U.S.Tenn. 1993), Footnote 4 states:

> "The time-computation and time-extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections

(b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard.  One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases.  Such filings are governed exclusively by Rule 3002(c). See Rule 9006(b)(3);  By contrast, Rule 9006(b) does not make a similar exception for Rule 3003(c), which, as noted earlier, establishes the time requirements for proofs of claim in Chapter 11 cases.  Consequently, Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies." <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123 L.Ed.2d 74, (U.S.Tenn. 1993)

The Rules governing proof of claims in Chapter 7 are the same as those governing in Chapter 13.  Consequently, the Supreme Court's analysis would be applied in a Chapter 13.  Just as in a Chapter 7 case, a Chapter 13 case has a finite period of existence.  If a unsecured creditor filed a proof of claim after the distribution of funds has begun to creditors, it would create an administrative burden on the Trustee to re-calculate the pro rata percentage due to each creditor. Furthermore, the Trustee may be required to seek a return of funds from creditors already paid or to seek an increase in the debtor's payments to pay the late claim's pro rata share.

RESPECTFULLY SUBMITTED:

NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027-9806

By: /s/_____
Amy Carrington, Esq.
FLORIDA BAR NO: 101877

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Objection was served through NEF on debtor's attorney and Ashleigh C. McKenzie, Esq , attorney for Creditor

NANCY K NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
